[Crim. No. 2866. Second Appellate District, Division Two.—June 2, 1936.]

THE PEOPLE, Respondent, v. HAROLD FATOR, Appellant.

Waldo & Waldo for Appellant.

U. S. Webb, Attorney-General, and Warner I. Praul, Deputy Attorney-General, for Respondent.

McCOMB, J., *pro tem.*—Appellant was convicted after trial before a jury of having violated section 501 of the Vehicle Code. (Stats. 1935, p. 174.) This appeal is from (1) the judgment and (2) the order denying his motion for a new trial.

Viewing the evidence most favorable to the prosecution (*People* v. *Dukes,* 90 Cal. App. 657, 659 [266 Pac. 558]), the facts in the instant case are:

Shortly after midnight, December 22, 1935, Mr. Kiernan, the complaining witness, while walking in an easterly direction in the intersection of Sixth and Main Streets in the city of Los Angeles, was injured by appellant's car precipitately backing into him. Appellant was driving the car and at the time was under the influence of an intoxicating liquor.

Appellant relies for reversal of the judgment on the following propositions:

*First: The evidence is insufficient to sustain the verdict and judgment.*

*Second: The trial court erred in refusing to instruct the jury that contributory negligence on the part of the complaining witness constituted a valid defense.*

As to appellant's first contention we have examined the record and are of the opinion there was sufficient evidence considered in connection with such inferences as the jury may have reasonably drawn therefrom to sustain the findings of fact upon which the verdict of guilty was predicated.

Appellant's second contention is untenable. The law is well settled that contributory negligence is never a defense nor an excuse for crime, nor can it in any degree serve to purge an act otherwise constituting a public offense of its criminal character. (*People* v. *McKee,* 80 Cal. App. 200, 205 [251 Pac. 675] ; *People* v. *Leutholtz,* 102 Cal. App. 493, 498 [283 Pac. 292].)

The judgment and order are, and each is, affirmed.

Crail, P. J., and Wood, J., concurred.