STATE OF INDIANA *v*. PLASPOHL.

[No. 29,632. Filed April 14, 1959.]

*Edwin K. Steers,* Attorney General and *Everett L. West,* Prosecuting Attorney, of Fowler, for appellant.

*F. Edward Dumas,* of Fowler, and *Thomas B. Dumas,* of Rensselaer, for appellee.

ACHOR, J.—Appellee was charged with reckless homicide and at the conclusion of the presentation of evidence by the state appellee moved for a directed verdict. The court sustained the motion and accordingly, by its instruction No. 11, directed a verdict for the appellee.

The case is before us on a reserved question of law only, based upon an instruction given by the court. The trial court, in giving its Instruction No. 11 for a directed verdict, in effect, stated that the appellee Plaspohl

could not be guilty of reckless homicide by reason of Stepp's death, because of the fact that Stepp, himself, although a passenger, was also guilty of the act of reckless driving. Upon this issue the state does not dispute the fact that under §47-2305, Burns' Repl.[1] [Acts 1939, ch. 48, §161, p. 289] the victim would also have been guilty of the offense of reckless driving.

Since the issue here presented is limited to the effect of decedent's participation in the alleged unlawful act, a detailed recital of the evidence on the subject of appellee's reckless driving and the resulting death is not necessary. The facts necessary to an understanding of the case are as follows: The fatal accident occurred while appellee was engaged in a "drag race" upon a State Highway. The decedent Don Stepp, an occupant of appellee's car, actively participated in planning and starting the race. His death occurred when appellee's car, which was traveling in excess of 85 miles per hour, went out of control after it attempted to pass the car with which it was racing.

The court's Instruction No. 11 reads in part as follows:

"Members of the Jury, I instruct you that under the law the Defendant must be acquitted in this case. The evidence introduced by the State establishes conclusively that under Section 47-2305, Burns' Indiana Statutes, Charles Donald Stepp, the deceased, was a party to, actively participated in, and wilfully induced the unlawful act of racing at a high and dangerous rate of speed on a public highway. By being an active participant in the un-

1. "Every person who commits, attempts to commit, conspires to commit, or aids or abets in the commission of, an act declared herein to be a crime, shall be guilty of such offense, and every person who falsely, fraudulently, forcibly, or wilfully induces, causes, coerces, requires, permits, or directs another to violate any provision of this act is likewise guilty of such offense." §47-2305, Burns' 1952 Repl.

lawful act which resulted in his death, under the law he assumed the risk of the result. The evidence fails to establish as a matter of law that the Defendant, Norman Plaspohl, did or failed to do anything for which he owed a duty to Charles Donald Stepp in reckless disregard for his safety."

Under the record before us the only question of law before this court, and here argued on appeal, is stated by the appellant as follows: "Is a Defendant who is charged with the offense of reckless homicide not guilty of such crime as a matter of law by reason of the fact that the person whose death was caused, aided, and abetted in the commission of the reckless acts immediately preceding the collision which resulted in his death?" This court has not, to our knowledge, been heretofore called upon to decide this question. However, the general rule has been stated as follows:

"Contributory negligence is not available as a defense or an excuse in a criminal prosecution; this doctrine has no place in criminal law, and it cannot in any degree purge an act which otherwise constitutes a public offense of its criminal character. Accordingly, the contributory negligence of a person injured or killed by the criminal negligence of another does not relieve the latter from criminal responsibility. Further, it is ordinarily no defense that the victim of the crime is punished because of the offense against society." 22 C. J. S., §52, pp. 116-117.

The above rule is supported by the great weight of authority in other jurisdictions.[2] The reason for this

2. *Nation* v. *District of Columbia* (1910), 34 App. D. C. 453, 26 L. R. A. [N. S.] 996; *State* v. *Hanahan* (1918), 111 S. C. 58, 96 S. E. 667; *Broxton* v. *State* (1936), 27 Ala. App. 298, 171 So. 390; *People* v. *Fator* (1936), 14 Cal. App. 2d 403; *Cain* v. *State* (1937), 55 Ga. App. 376, 190 S. E. 371; *Hess* v. *Stiner* (1941), 144 Pa. 249, 19 A. 2d 560; *Fox* v. *State* (1942), 145 Tex. Cr. R. 71, 165 S. W. 2d 733; *State* v. *Taylor* (1947), 67 Idaho 313, 177 P. 2d 468; *State* v. *Phelps* (1955), 242 N. C. 540, 89 S. E. 2d 132.

rule is made evident by the facts and consequences of this particular case. It is a basic concept of our society that the life of every man is both divinely and humanly significant. Every death upon the highway is more than a statistic. It is a tragedy which affects not only the individual and his family, but all of society. And if the death results from the reckless use of the highway, the fact that the deceased joined in the reckless activity does not negate the fact of the death, nor does it assuage the loss to the family of the deceased or the community.

Reckless homicide is a crime committed against the state. Therefore, contrary to the rule in civil cases, the fact that the deceased victim was "an active participant in the unlawful act which resulted in his death," as stated in Instruction 11, does not bar an action against another for the wrong which he has committed against the peace and dignity of the state.

Landis, C. J., Arterburn, Bobbitt and Jackson, JJ., concur.

NOTE.—Reported in 157 N. E. 2d 579.