**Johnny Albert DEBOSE, Appellant
(Defendant below),**

v.

**STATE of Indiana, Appellee
(Plaintiff below).**

No. 1078S217.

Supreme Court of Indiana.

May 7, 1979.

Edward C. Hilgendorf, South Bend, for appellant.

Theo. L. Sendak, Atty. Gen., Terry G. Duga, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

Johnny Albert Debose, defendant, was found guilty, by jury, of the crime of robbery, a class A felony. He was sentenced to forty years' imprisonment. In his appeal to this Court, he raises a single issue: did the trial court err in refusing to give his tendered instruction which would have informed the jury of the punishment applicable to the various classes of crimes?

Before we address the merits of the defendant's argument, we note that the defendant has not actually preserved the alleged error for our consideration. He has failed to set out the verbatim tendered instruction within the argument section of his appellate brief. The noncompliance with Ind. Rules A.P. 8.3(A)(7) constitutes waiver. Nonetheless, we shall discuss the problem raised.

West's Ann.Ind.Code § 35–50–1–1 (1978) states that "[t]he court shall fix the penalty of and sentence a person convicted of an offense." This change in the law, effective October 1, 1977, abolishes jury sentencing. The defendant would assert, however, that because the Indiana Constitution provides that the jury shall determine the law and the facts it necessarily follows that the jury must be instructed regarding penalties. *See* Ind.Const. Art. 1, § 19; Ind.Code § 35–1–35–1 (Burns 1979).

■ He is wrong. A jury must be instructed upon matters of law which are necessary for their information in giving their verdict. Ind.Code § 35–1–35–1 (Burns 1979). Since juries may no longer fulfill any function regarding sentencing, the amount of penalty prescribed by the legislature is irrelevant. This is especially true in that most penal statutes under the new code contemplate augmenting or decreasing a basic sentence depending upon aggravating or mitigating circumstances. *See* West's Ann.Ind.Code § 35–4.1–4–7 (1978). The sentencing judge may also suspend a sentence or impose consecutive terms of imprisonment in certain cases. Considering the wide range of options available to the trial court at the time it sentences a convicted defendant, we believe that it would serve no useful purpose to inform the jury of possible penalties.

■ It would serve no legal purpose either. A jury must determine beyond a reasonable doubt, from the evidence presented, whether an accused did those specific acts which constituted the crime with which he was charged. In performing this *guilt assessing* task, the jury must be oblivious to the legislature's punishment scheme. To hold otherwise, we would be condoning verdicts in which the jury might compromise, to the defendant's benefit or

detriment, in order to reach a certain number of years of imprisonment. In earlier decisions, regarding statutes requiring the jury to state the penalty within the verdict, this Court has held that the jury must be informed of the penalty even if the jury had no discretion in assessing the amount of penalty. *See Kocher v. State*, (1979) Ind., 389 N.E.2d 18. Such an interpretation is inapplicable under the current law.

For all of the foregoing reasons, there was no trial court error, and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.