**Charles E. BARR, Paul G. Finch, and Charles Wm. Rice, Appellants (Plaintiff Below),**

v.

**STATE of Indiana, Appellee (Defendant Below).**

**No. 1–1079A265.**

Court of Appeals of Indiana,
First District.

Feb. 25, 1980.

Rehearing Denied March 21, 1980.

Joseph F. Quill, Frank E. Spencer, Indianapolis, for appellants.

Theo. L. Sendak, Atty. Gen., Michael Gene 'Worden, Asst. Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Presiding Judge.

Charles E. Barr, Paul G. Finch and Charles Wm. Rice (hereinafter collectively referred to as Conservation Officers) brought an action against the State of Indiana (State) on behalf of themselves and all other employees similarly situated for the payment of wages for hours that they were required to work on legal holidays. The trial court granted the State's motion for summary judgment. We affirm.

A summary judgment is rendered when after reviewing all the pleadings, depositions, answers to interrogatories, and admissions on file along with affidavits and testimony, there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Ind. Rules of Procedure, Trial Rule 56(c). On appeal from a grant of summary judgment, the only issues are whether the trial court correctly applied the law and whether there is a genuine issue of material fact. *Tekulve v. Turner*, (1979) Ind.App., 391 N.E.2d 673. In addition, any doubt as to the existence of a genuine issue of a material fact must be resolved against the moving party. *Hale v. Peabody Coal Company*, (1976) Ind.App., 343 N.E.2d 316. Further, even where the facts are not disputed, summary judgment is improper where there may be disagreements as to the inferences to be drawn from these facts. *Palmer v. State*, (1977) Ind.App., 363 N.E.2d 1245.

It is apparent from the lack of case law authority cited in both briefs and from our own independent research, that there has not been much litigation in this area. Consequently, we base our decision on a plain reading of the statutes and appropriate rules and regulations.

When an appellate court is required to construe a statute, the court must give effect to the legislative intent. The court must also construe the statute according to its plain meaning, and cannot apply a construction which is not in accordance with the clear and express purpose of the statute. Also, a statute which is specific in its meaning will control over one that is general in its meaning. *Gonser v. Board of Commissioners For Owen County*, (1978) Ind. App., 378 N.E.2d 425. It is also the responsibility of an appellate court to make its determination from a reading of the statute in its entirety, rather than giving a strict and literal meaning to any particular section. *Matter of Big Raccoon Conservancy District*, (1977) Ind.App., 363 N.E.2d 1004. With these basic precepts in mind, we proceed to an analysis of the pertinent statutes and rules and regulations.

As we understand Conservation Officers argument, they contend that Ind.Code 1–1–9–1 establishes certain legal holidays for state employees, that they are hourly nonmerit employees as described in Ind.Code 5–10–6–1, and that they have been required to work on these legal holidays. Therefore, Conservation Officers allege that they are entitled to either additional pay or compensatory time off.

While it is true that the governor is permitted to grant hourly basis employees vacation with pay and paid holidays under IC 5–10–6–1, that capability is purely discretionary and is therefore of no aid to Conservation Officers. Similarly, IC 1–1–

9–1 is of no aid to Conservation Officers, as that section only lists those days that are considered legal holidays within the state, and nowhere grants employees the right to additional compensation for working on those days. Therefore, we turn to the statutes dealing more particularly with the Department of Natural Resources and the rules and regulations adopted for non-merit employees.

 Ind.Code 14–3–4–1 states in pertinent part that the salaries and compensation of the conservation officers shall be fixed by the director of the conservation department and approved by the budget committee as provided by state statute. Further, Conservation Officers have directed our attention to a rule of the State Personnel Division applicable to non-merit employees, which in essence states that when an employee is required to work on a holiday, that employee shall be paid at a straight time rate or, at the option of the appointing authority, be credited with compensatory time-off. Our research has revealed that the rules and regulations developed by the personnel division for non-merit employees have been assembled in the Indiana Administrative Code. Rule 9, which contains the section addressed by Conservation Officers, deals with Hours and Leaves of Non-Merit Employees. *See* 25 IAC 3–9.

When reading this rule in its entirety, it is evident that the section addressed by Conservation Officers is dependent upon other sections of the rule. For example, the assignment of employees to specific shifts is the prerogative of the appointing authority. 25 IAC 3–9–1. Additionally, in order to receive compensatory time-off or earned overtime payment for such additional hours, the employee must work hours which are in excess of the employees' regularly scheduled hours of work. 25 IAC 3–9–2(G).

Therefore, it is clear from a reading of the statute and these rules and regulations, that the appointing authority has the capability to assign specific shifts, and set salary and other compensation. Further, in order to qualify for extra pay and/or compensatory time-off, the employee must work in excess of his/her regularly scheduled hours of work. Conservation Officers did not allege that their holiday work was in excess of their regularly scheduled work hours. Additionally, because we have determined that IC 1–1–9–1 and IC 5–10–6–1 are not supportive of Conservation Officers' claims, the trial court was correct in granting the State's motion for summary judgment, as there was no genuine issue as to a material fact.

Judgment affirmed.

NEAL and RATLIFF, JJ., concur.