STATE of Indiana, Appellant
(Plaintiff Below),

v.

Maurice D. SOUDER, Jr., Appellee
(Defendant Below).

No. 1–882A225.

Court of Appeals of Indiana,
First District.

Feb. 7, 1983.

---

The facts show that Souder was arrested on October 4, 1980, by an Indiana Conservation Officer. When arrested, the officer confiscated the following articles of personal property:

(1) Ruger Security 6 .357 caliber 6 shot revolver with rubber grips and a 4 inch barrel.

(2) Star .22 caliber automatic pistol with 4 inch barrel, clip and plastic grips.

(3) Savage 20 gauge .357 magnum over and under rifle/shotgun with Weaver quick point sights.

(4) Wheat light with hand held spotlight, helmet and belt.

After his conviction, Souder petitioned the trial court for the return of the property seized during his arrest. The trial court initially ordered the Rush County Sheriff to dispose of the confiscated items pursuant to Ind.Code 35–23–4.1–16. The trial court amended its order and ordered the firearms to be returned to Souder. The sole issue on appeal is whether the trial court erred in ordering the firearms returned to Souder.

Ind.Code 14–2–9–2(b) provides that:

(b) The director, game wardens, and deputy game wardens shall at any and at all times seize and take possession of, without warrant, any and all nets, seines, spears, traps, *or any other hunting,* trapping, musseling or fishing appliances, apparatus, or devices used or possessed by any person in violation of any of the provisions of this act, or of any other law of this state now in force or hereafter enacted, *and, upon conviction of such person* of having violated any provision of this act or any such other law, such net, seine, spear, trap, *or any and all other hunting,* trapping, or fishing *appliances or apparatus or devices, whatsoever, shall be forfeited to the state and confiscated in the name of this state, and disposed of as directed by the director.*

This statute, in essence, states that any hunting devices possessed by a person in violation of the provisions of this act shall be forfeited to the State. Souder was convicted of violations under the Fish and

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellant.

James L. Brand, Kevin P. McGoff, Free, Brand, Tosick & Allen, Greenfield, for appellee.

ROBERTSON, Presiding Judge.

The State of Indiana appeals an order from the Rush County Court requiring the return of items confiscated at the time of Maurice Souder's (Souder) arrest. Souder was charged and convicted of violating Ind. Code 14–2–4–3, Count I, Hunting from a Roadway and Count II, Use of Artificial Light from a vehicle while in possession of a firearm.

We affirm.

Wildlife Act referred to in the statute. Consequently, the State alleges that the confiscated firearms should have been forfeited to the State.

I.C. 35–23–4.1–16 provides, in part, that: All firearms confiscated pursuant to the terms of the Indiana Code and this chapter shall, upon conviction for the offense for which the confiscation was made, be disposed of strictly in accordance with the following:

... [N]othing in this chapter shall be taken or construed as requiring the returning of such firearm to rightful owners who have been convicted pursuant to the terms of this code for criminal acts involving the misuse of firearms; in such cases the court may, at its discretion, either provide for the return of the firearm or firearms in question, or may Order that such firearm or firearms be at once delivered to the sheriff of the county in which the offense occurred.

Souder asserts that according to the above statute, the return of his firearms was clearly within the trial court's discretion. Therefore, the order must stand absent an abuse of discretion.

 The decisive question for consideration is which statute controls. The general rule in regard to statutory interpretation is that where there are two statutes on the same general subject, they should be harmonized and if possible, effect given to each. *Matter of Tacy,* (1981) Ind.App., 427 N.E.2d 919. If they are irreconcilable, then the more detailed will prevail as to the subject matter it covers. *Indiana Alcoholic Beverage Commission v. Osco Drug,* (1982) Ind.App., 431 N.E.2d 823. In this case, we agree with the appellee in that I.C. 35–23–4.1–16 specifically controls the disposition of all firearms confiscated by law enforcement officers pursuant to any provisions of the Indiana Code. I.C. 14–2–9–2(b) does not use the term "firearms", although it may be read generally to include firearms. However, I.C. 35–23–4.1–16 specifically speaks to the disposition of confiscated firearms. It clearly states how confiscated firearms are to be disposed of irrespective of which

Indiana Code section the forfeiting defendant has violated. The trial court is given the discretion to order the return of firearms confiscated at the time of arrest. It is our conclusion that application of the very principles of statutory construction relied upon by the State, requires I.C. 35–23–4.1–16 to be the controlling statute. All firearms confiscated by the State, for whatever reason, are to be disposed of in the manner provided by I.C. 35–23–4.1–16.

Judgment affirmed.

RATLIFF and NEAL JJ., concur.