Walter L. **ROBINSON**, Appellant
(Defendant Below),

v.

**STATE of Indiana**, Appellee
(Plaintiff Below).

No. 485S177.

Supreme Court of Indiana.

Nov. 6, 1986.

Jack Quirk, Muncie, for appellant.

Linley E. Pearson, Atty. Gen., Cheryl L. Greiner, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Justice.

Appellant Walter L. Robinson was convicted of murder, Ind.Code § 35–42–1–1 (Burns 1985 Repl.). He was sentenced to 45 years in prison and fined $10,000. Robinson had brought an argument with one Jerry McCain to a conclusion by shooting him in the chest.

In this direct appeal, he presents two issues:

1) Whether the court properly allowed the State to impeach its own witness with his prior inconsistent statement to police, and

2) Whether the prosecutor improperly placed his own veracity before the jury during final arguments.

## I.  Impeachment

The State called the defendant's brother, Raymond Robinson, to testify during its case in chief. Raymond previously had

given a statement to police which described the defendant's activities on the day of the crime. Raymond's statement provided evidence damaging to the defendant's apparent defenses: self defense and intoxication. However, Raymond gave a different account of the day's events from the witness stand.

When these conflicts arose during direct examination, the prosecutor reminded Raymond of his earlier statement and then produced it. Raymond identified the signed statement and conceded that it accuratedly reflected his comments to police. However, he said his prior statements were false because he had been drunk and "just told them whatever the alcohol told me to tell them." Later, the prosecutor read specific responses attributed to Raymond in the statement and asked him whether he made them. All of the responses were in conflict with Raymond's trial testimony. Raymond agreed he made the statements but again asserted intoxication and insisted they were false.

Defense counsel objected to the questioning. He contended that the prosecutor could not impeach his own witness and that, in any event, the prosecutor had not laid a proper foundation for impeachment. The trial court overruled the objection. Robinson now claims that his brother was drunk and belligerent on the witness stand. He alleges that the State intentionally sought to prejudice Robinson by calling his brother as a witness and lacked any legitimate need for his testimony. Implying that the State knew beforehand that Raymond would contradict his prior statement, Robinson alleges that the State failed to lay a proper foundation because it did not demonstrate that Raymond's transformation into a hostile witness was a surprise.

■ When a State's witness acknowledges having given a prior statement to police but testifies at trial that its contents were false, the State may impeach the witness by showing that he made prior inconsistent statements. *Peckinpaugh v. State* (1983), Ind., 447 N.E.2d 576. Under such circumstance, the inconsistency between the witness' testimony at trial and his prior statement must be a surprise. *Bell v. State* (1977), 267 Ind. 1, 366 N.E.2d 1156.

■ Neither the record nor the circumstances surrounding the testimony reflect any ulterior motive by the State for calling the defendant's brother as a witness. Raymond's testimony was necessary to establish the defendant's actions on the day of the crime, particularly his confrontation with the victim hours before the murder. Raymond's original statement had been incriminating, in light of the facts and the defendant's asserted defenses. Much of Raymond's testimony was consistent with his prior statement, and the prosecutor gave no indication that he was aware beforehand that Raymond would change his story. We conclude that Raymond was subject to proper impeachment.

■ The State was required to establish a proper foundation for impeachment by prior inconsistent statements. *Taylor v. State* (1984), Ind., 469 N.E.2d 735. This foundation is sufficient if counsel's question adequately calls the statement to the witness' attention and enables him to form a sufficient recollection of it. *Lewis v. State* (1983), Ind., 451 N.E.2d 50. In this case, the prosecutor produced the statement, indicated it was given to police, and communicated its relevant portions. The witness conceded that he remembered the statement and that it correctly reflected his comments. He had the opportunity to explain the inconsistency between that statement and his testimony. This foundation was sufficient.

## II. Final Arguments

During final arguments, the prosecutor discussed intent and then stated:

> "Well, what else have we got. Knowingly kill. Once you're past that hurdle, I suggest to you maybe there's one other issue here. That the defendant would like to decide, and you should decide. *Since the facts themselves of the shooting, in my judgment, conclusively establish knowingly....*" (emphasis added)

Defense counsel objected, contending that the prosecutor improperly placed his own

credibility before the jury. The trial court overruled the objection. Raising the same issue on appeal, Robinson claims the comments constituted prosecutorial misconduct so prejudicial as to deprive him of a fair trial.

When reviewing such a claim, this Court first must determine, with reference to case law and the Code of Professional Responsibility, whether the prosecutor in fact engaged in misconduct. We then consider whether, under all the circumstances, the misconduct placed the defendant "in a position of grave peril to which he should not have been subjected." This determination rests on the probable persuasive effect of the misconduct on the jury's decision, not the degree of impropriety of the conduct. *Maldonado v. State* (1976), 265 Ind. 492, 355 N.E.2d 843.

Disciplinary Rule 7–106 in the Code of Professional Responsibility provides in relevant part:

(C) In appearing in his professional capacity, before a tribunal, a lawyer shall not:

(4) Assert his personal opinion as to the justness of a cause, as to the credibility of a witness, as to the culpability of a civil litigant, or as to the guilt or innocence of an accused; but he may argue, on his analysis of the evidence, for any position or conclusion with respect to the matters stated herein ...

It is within the bounds of permissible advocacy for the prosecutor to express his belief in the guilt of the accused during final summation so long as it is clearly stated or implied that the predicate for the belief is the evidence presented. *Kocher v. State* (1979), 270 Ind. 661, 389 N.E.2d 18. The prosecutor in this case merely stated his conclusion based on his analysis of the evidence: specifically, that in his judgment the facts established one of the elements of the crime. His comments did not constitute prosecutorial misconduct.

The judgment of the trial is affirmed.

GIVAN, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.