**Neal RYAN, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 02A03–8901–CR–23.

Court of Appeals of Indiana, Third District.

June 19, 1989.

Mark E. GiaQuinta and Snouffer, Haller & Colvin, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen. and Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Judge.

Defendant-appellant Neal Ryan appeals from a judgment of conviction for failure to yield to an emergency vehicle, a Class C infraction. Two issues are raised on appeal:

(1) whether there was sufficient evidence to support Ryan's conviction; and

(2) whether the trial court erred by excluding evidence that the emergency vehicle was operated in an unreasonable manner.

Ryan was cited for violating IND.CODE § 9–4–1–85 (1988 Ed.).

That statute provides in pertinent part:

"(a) Upon the immediate approach of an authorized emergency vehicle, when the driver is giving audible signal by siren, or displaying a flashing red light, the driver of every other vehicle shall yield the right-of-way and shall immediately drive to a position parallel to, and as close as possible to, the right-hand edge or curb of the highway clear of any intersection, and shall stop and remain in such position until the authorized emergency vehicle has passed, except when otherwise directed by a law enforcement officer."

Ryan contends that there was insufficient evidence to support his conviction for violating IND.CODE § 9–4–1–85.

When confronted with a challenge to the sufficiency of the evidence, the court on appeal will neither weigh the evidence nor assess the credibility of the witnesses. The reviewing court is constrained to consider only the evidence most favorable to the State, together with all reasonable and logical inferences to be drawn from that evidence. *Hughes v. State* (1987), Ind.App., 510 N.E.2d 741, 743.

The evidence most favorable to the State discloses that on May 31, 1988, Officer Nolan Banks of the Fort Wayne Police Department received a dispatch to assist an officer in the apprehension of a robbery suspect. In response to the dispatch, Officer Banks activated his siren and red lights, and he proceeded northbound on Hanna Street.

Officer Banks was traveling between 30 and 35 miles per hour when he approached the intersection of Hanna Street and McKinnie Avenue. He checked for cross-traffic and then entered the intersection. Ryan, who was driving eastbound on McKinnie Avenue, also entered the intersection. Although Officer Banks tried to avoid a collision, he struck the rear quarter panel, passenger side, of Ryan's vehicle.

After impact, Ryan's vehicle proceeded across the intersection and struck the car of Helen Benjamin. Ms. Benjamin had

stopped on the opposite side of the intersection when she saw the flashing red lights and heard the siren on Officer Banks' car. Ms. Benjamin testified that Ryan approached and entered the intersection at an excessive rate of speed.

■ Although the evidence before the trial court was not without dispute, there was testimony which established that the red lights and siren on Officer Bank's squad car were in operation when he approached the intersection of Hanna Street and McKinnie Avenue. Additionally, there was testimony that Ryan made no effort to stop or slow down, but entered the intersection at an excessive rate of speed. The evidence was sufficient to support Ryan's conviction for failure to yield to an emergency vehicle.

Ryan next asserts that the trial court erroneously excluded evidence that the emergency vehicle was operated in an unreasonable manner. To bolster his argument that such evidence was relevant, Ryan points to two statutes: IND.CODE § 9–4–1–85(c) and IND.CODE § 9–4–1–25. Those statutes define the general duty of an operator of an authorized emergency vehicle to drive with due regard for the safety of all persons using the highway.

■ The duty of care imposed upon drivers of authorized emergency vehicles by operation of IND.CODE § 9–4–1–85(c) and IND.CODE § 9–4–1–25 is relevant in civil actions based on tort theories of negligence. *See Rohrkaste v. City of Terre Haute* (1984), Ind.App., 470 N.E.2d 738. However, neither statute creates a defense for individuals charged with failure to yield to an emergency vehicle. *Cf. State v. Plaspohl* (1959), 239 Ind. 324, 157 N.E.2d 579 (contributory negligence not available as defense or excuse in criminal prosecutions). The trial court properly decided that IND.CODE § 9–4–1–85(c) and IND.CODE § 9–4–1–25 were inapplicable in the instant proceedings. There was no error in the exclusion of evidence pertaining to Officer Banks' operation of his squad car.

The judgment finding that Ryan failed to yield to an emergency vehicle is affirmed.

STATON and ROBERTSON, JJ., concur.