**Michael B. HORNE, Jr., Appellant (Defendant),**

v.

**STATE of Indiana, Appellee (Plaintiff).**

No. 20A03–9001–CR–00021.[1]

Court of Appeals of Indiana, Fifth District.

June 12, 1991.

---

**1.** This case was reassigned to this office on    January 2, 1991.

**1334**

William J. Cohen, Elkhart, for appellant.

Linley E. Pearson, Atty. Gen., Cynthia L. Ploughe, Deputy Atty. Gen., Indianapolis, for appellee.

RUCKER, Judge.

Appellant–Defendant Michael B. Horne received a traffic citation for failure to yield to an emergency vehicle, a Class C infraction.[2] At Horne's request the cause was tried to a jury which found him liable and assessed judgment in the amount of four hundred dollars ($400.00). Horne appeals the jury's verdict raising four issues for our review, which we restate as follows:

1. Whether the trial court erred in permitting the jury to determine the monetary judgment entered against Horne.

2. Whether the evidence is sufficient to support the monetary judgment of $400.00.

3. Whether the trial court erred in refusing Horne's tendered instructions concerning the standard of care owed by the driver of an emergency vehicle.

4. Whether the evidence is sufficient to support the jury verdict.

We affirm.

On May 12, 1989, at approximately 11:30 p.m., Martin McCloskey, a patrolman with the Elkhart city Police Department, received a dispatch of a burglary in progress. In response to the dispatch, Officer McCloskey activated his red lights, and proceeded southbound on Main Street.

Officer McCloskey was traveling between 20 and 25 miles per hour when he approached the intersection of Main Street and Lexington. He checked for cross traffic and then entered the intersection. Horne, who was driving eastbound on Lexington, also entered the intersection. Although Officer McCloskey tried to avoid a collision, he struck the rear panel, passenger side, of Horne's vehicle.

At the scene Horne was cited for disregarding an automatic signal and for failure to yield to an emergency vehicle.

---

**2.** Ind.Code § 9–4–1–85; Ind.Code § 9–4–1–127.1.

At trial, the jury found Horne not liable for disregarding an automatic signal, but liable for failure to yield to an emergency vehicle. The jury assessed judgment in the amount of four hundred dollars ($400.00).

## I.

Horne first contends that it is the function of the trial court and not the jury to impose fines for infractions. Therefore, Horne asserts, the trial court erred by permitting the jury to assess judgment against him.

In support of his argument, Horne relies on Ind.Code § 35-50-1-1 which dictates "The court shall fix the penalty of and sentence a person convicted of an offense," and Ind.Code § 33-1-13-1 which states in part that "offense means a felony, a misdemeanor, an infraction or a violation of a penal ordinance." Horne's contention therefore is that the foregoing statutes dictate the trial court should fix the penalties for an infraction.

Horne acknowledges the legislature amended the traffic code in 1981, and in so doing decriminalized violations of traffic offenses. Horne argues, however, that Ind.Code § 33-1-13-1 has neither been repealed nor amended and therefore infractions are still intended to be criminal in nature, at least as to sentencing. Horne contends that the legislature, in decriminalizing traffic offenses, did not anticipate allowing juries to determine the penalty for infractions.

Horne shores up his argument with citation to Indiana case law which precludes jury sentencing. Prior to 1977, the jury was empowered to assess the amount of fine and punishment upon a criminal conviction. *See Kocher v. State* (1979), 270 Ind. 661, 389 N.E.2d 18, *reh. den.* This authority was removed from the jury with the enactment of Ind.Code § 35-50-1-1. Consistent with that statutory mandate, our supreme court determined that since juries no longer fulfill any function regarding sentencing, the amount of penalty prescribed by the legislature is irrelevant. *Debose v. State* (1979), 270 Ind. 675, 389 N.E.2d 272. The rule in *Debose* was af-firmed in *Burgess v. State* (1983), Ind., 444 N.E.2d 1193, where the supreme court held that the penalty prescribed by the legislature for a crime is irrelevant to jurors in performance of their duty to assess guilt and they should be oblivious to the legislature's punishment scheme since judges rather than juries fix sentences. *Id.*

While Horne's argument is seductive, we are nonetheless compelled to reject it. Prior to September 1, 1981, all traffic offenses were criminal in nature and therefore subject to the prohibition against juries being advised of the punishment scheme for violations of criminal offenses. However, certain traffic offenses have been reclassified as infractions and their enforcement is no longer conducted in accordance with the Rules of Criminal Procedure but rather their enforcement is conducted in accordance with Indiana Rules of Trial Procedure. *See* Ind.Code § 34-4-32-1. By permitting the jury to assess the fine in this case, the trial court's actions were consistent with the rules of civil procedure.

Further, in 1983, the legislature enacted Ind.Code § 35-41-1-19 which dictates "[o]ffense means a crime. The term does not include an infraction." Although Ind. Code § 33-1-13-1, on which Horne relies, includes "infraction" as a part of its definition of "offense", this statute does not control our determination of the case before us.

In construing a statute, this court must give effect to the legislative intent. *Barr v. State* (1980), Ind.App., 400 N.E.2d 1149, *trans. den.* Statutes dealing with the same subject matter will be construed as being harmonious, if possible; but when there is an irreconcilable conflict, the statute which is more recent and specific will control over the statute which is older and more general. *State v. Souder* (1983), 444 N.E.2d 891; *Connell v. City of Logansport* (1979), Ind.App., 397 N.E.2d 1058.

Indiana Code § 33-1-13-1 was enacted in 1977, and by its very terms is a definitional statute of "General Applicability". On the other hand, Ind.Code § 35-41-1-19, also a definitional statute, was enacted in 1983

and is specifically applicable throughout Title 35 and "all other statutes relating to penal offenses". *See* Ind.Code § 35-41-1-3. Hence, the more recent definition of "offense" controls in this case and accordingly an infraction is not an "offense". The mandate of Ind.Code § 35-50-1-1, as to trial court sentencing upon conviction of an offense, has no applicability to a civil judgment entered on a finding of a violation of an infraction.

■ We therefore hold that the prohibition against juries being advised of the punishment scheme for violations of criminal offenses is not applicable to infractions. Horne was charged with violation of an infraction and as such the action against him was civil in nature and not criminal. We find no error in the trial court permitting the jury to determine the monetary judgment entered against Horne.

## II.

Horne next contends there was no evidence of record to support a judgment in the amount of $400.00, and therefore the verdict can not be upheld. We disagree.

Horne was found in violation of failure to yield to an emergency vehicle, a Class C infraction. This violation is subject to a judgment up to five hundred dollars ($500.00).

■ Although civil in nature, a monetary judgment entered upon a finding of a violation of an infraction is the functional equivalent of a penal fine; the judgment serves to induce compliance with the statute. *Whitewater Val. Canoe v. Franklin Cty. Com'rs* (1987), Ind.App., 507 N.E.2d 1001, *reh. den., trans. den.*

■ The judgment assessed against Horne fell within the statutory limit for violations of Class C infractions. *See*, Ind. Code § 34-4-32-4. We cannot say, based on the facts before us, that the judgment in this case did not appropriately serve its function of inducing compliance with the State's traffic codes. We find no error.

Horne also contends he should have been permitted a bifurcated proceeding, with the jury first determining liability and then, if necessary, assessing the penalty. Horne argues that such a proceeding would have allowed the jury to consider his apparently spotless driving record when determining the amount of judgment.

■ Indiana Trial Rule 42(C), which is applicable in this case, permits the court to submit a case to the jury in stages or segments. The court may take such action either on its own motion or on the motion of a party. Horne's failure to request a bifurcated proceeding waives the issue for review. *Ward v. State* (1988), Ind., 519 N.E.2d 561. A party may not await the result of a trial, and then claim an error not raised when there was still time for the court to take appropriate action, if warranted. *Parr v. State* (1987), Ind., 504 N.E.2d 1014. We find no error on this issue.

## III.

Horne further contends that it was error for the trial court to refuse his tendered jury instructions concerning the standard of care owed by drivers of emergency vehicles. Horne argues that in refusing his instructions the trial court deprived him the opportunity of presenting his defense. Horne's tendered instructions advanced the theory that Officer McCloskey breached his statutory duty of care, and that the officer's own negligence provided a defense to Horne's actions.

A similar argument was made and rejected in *Ryan v. State* (1989), Ind.App., 539 N.E.2d 983. In that case we held the statutory duty of care imposed on drivers of emergency vehicles is relevant in actions sounding in tort. However, the statute provides no defense for individuals charged with failure to yield to an emergency vehicle. *Id.* at 985.

■ In reviewing a trial court's decision to refuse a tendered instruction, we consider whether the instruction correctly states the law, whether there is evidence in the record to support the giving of the instruction, and whether the substance of the tendered instruction is covered by other instructions which are given. *Phillips v.*

*State* (1990), Ind., 550 N.E.2d 1290, *reh. den.*

█ Horne's tendered instructions were not a correct statement of the law. *Ryan, supra.* Moreover, their substance was covered by other instructions given by the court. The trial court did not err in refusing to give the instructions tendered by Horne.

## IV.

Horne finally contends the evidence was insufficient to support the jury's verdict. Horne argues the jury's finding of no liability on the citation for disregarding an automatic signal, coupled with testimony that Officer McCloskey's siren had not been activated, requires reversal. Horne's argument on this issue is merely an invitation to reweigh the evidence which we decline.

█ In reviewing a claim of sufficiency of the evidence, our standard of review is well settled. We will neither reweigh the evidence nor judge the credibility of witnesses. We consider only that evidence most favorable to the jury's verdict, together with all logical inferences to be drawn therefrom. If there is substantial evidence of probative value to support the conclusion of the jury, the verdict will not be overturned. *Massey v. State* (1985), Ind., 473 N.E.2d 146.

█ The testimony in this case was not without conflict. However, the resolution of conflicts in witnesses' testimony is exclusively the function of the factfinder and one with which this court will not interfere. *Ryle v. State* (1990), Ind.App., 549 N.E.2d 81, *trans. den.* There was sufficient evidence for the jury to conclude that the police car entered the intersection while displaying flashing red lights, and that Horne entered the intersection as well and did not yield to the police car. The State was only required to prove its case by a

preponderance of the evidence. Ind.Code § 34-4-32-1(d). The State met that burden.

Judgment affirmed.

STATON, J., concurs.

SULLIVAN, J., concurs with opinion.

SULLIVAN, Judge, concurring.

As the majority opinion notes, notwithstanding the decriminalization of traffic violations designated as "infractions", the monetary judgment entered as a result thereof is "the functional equivalent of a penal fine". At 1336. It is for this reason that Horne's argument concerning jury participation in the penalty stage has more than superficial appeal.[3]

That the fixing of the amount due from a violator would seem more appropriately to fall within the purview of the court rather than the jury is also indicated by I.C. 34-4-32-5. That provision requires the county court judge to establish a traffic violations bureau, to designate those traffic violations which shall lie within the authority of the violations clerk, and to establish a schedule of the judgments to be imposed.

Nevertheless, the submission to the jury of the matter of "damages" in an infraction case has either emanated from or has received the imprimatur of The Indiana Judges Association pursuant to its Model Final Instruction as set forth in *Benchbook for Traffic, Misdemeanors and Small Claims* § 2.16. The pertinent part of that instruction reads:

"If you find from a preponderance of the evidence that the defendant did commit the infraction as charged and is liable therefore (sic) then it is your further duty to assess the damages in an amount not less than zero dollars not more than $____ ...."

---

3. It may be noted that the 1981 decriminalization process was not motivated by any complex design to delineate between and among crimes, traffic violations, and civil proceedings. Rather, the purpose of the change was prompted, very simply, by a legislative desire to channel additional funds into the state general fund.

*See* I.C. 34-4-32-4. Prior to the statutory change, all such violations were deemed and were in fact breaches of the penal laws of the state, the fines for which were constitutionally required to be paid into the Common School Fund. Ind. Const., Art. 1, § 2.

The procedure is no doubt being uniformly followed throughout the state. For this reason, if prospective modification of that practice is to be directed, such direction should come from our Supreme Court.

I concur in the affirmance of the judgment.