Johnny W. THOMPSON, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 90A02–9212–CR–588.

Court of Appeals of Indiana,
Second District.

July 21, 1993.

Rehearing Denied Sept. 3, 1993.

John M. Haecker, Grimm & Grimm, P.C., Auburn, for appellant-defendant.

Pamela Carter, Atty. Gen., Deana M. McIntire, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

SHIELDS, Judge.

Johnny Thompson appeals the guilty plea court's denial of his Motion for Modification of Sentence. We affirm.

## ISSUE

Does the guilty plea court have authority pursuant to IC 35–38–1–23 (1992 Supp.) to modify the sentence of a defendant who pleads guilty pursuant to a plea agreement which contains an agreed-upon sentence?

## FACTS

On February 12, 1990, Johnny Thompson pled guilty to two class D felonies pursuant to a plea agreement. The agreement provided that:

The defendant shall agree to enter a plea of guilty to ... Receiving Stolen Property, a class D felony ... and shall be sentenced to four (4) years. The defendant shall also plead guilty to ... Operating a Motor Vehicle after Finding of Habitual Traffic Offender, a class D felony ... and shall be sentenced to four (4) years which shall be served consecutively.... All other counts ... shall be dismissed.... Any other matters of sentencing, including probation ... not specifically enumerated in this plea agreement, are left to the discretion of the Court.

Supp.Record at C. The guilty plea court accepted the plea, entered judgments of conviction, and, on March 30, 1990, sentenced Thompson according to the terms of the plea agreement.

On July 31, 1992, Thompson filed a Motion for Modification of Sentence pursuant to IC 35–38–1–23 (1992 Supp.) (reduction of sentence statute).[1] The State filed a written objection to the motion. The guilty plea court denied the motion, stating that "the Court, under current case law, has no authority to alter a plea agreement." Record at 14.

## DISCUSSION

In *State ex rel. Goldsmith v. Marion County Superior Court* (1981), 275 Ind. 545, 419 N.E.2d 109, our supreme court held that a court which accepts a plea agreement specifying an executed sentence

1. IC 35–38–1–23 provides:
   (a) Notwithstanding IC 35–50–2–2, a person may petition the sentencing court for a reduction of sentence if:
   (1) the person has been sentenced to more than four (4) years imprisonment;
   (2) the person is in credit Class I;
   (3) there are less than two (2) years remaining until the person's earliest possible release date;
   (4) the person has successfully completed an educational, a vocational, or a substance abuse program that the department has determined to be appropriate; and

   (5) the person has demonstrated a pattern of behavior consistent with evidence of rehabilitation.
   (b) Upon the filing of a petition under subsection (a), the court may reduce the sentence of the person by up to two (2) years upon a finding that:
   (1) all conditions of subsection (a)(1) through (a)(5) exist; and
   (2) reduction of the sentence is in the best interests of justice.
   (c) The court may grant or deny the petition without a hearing and without making written findings or conclusions.

may not thereafter suspend or modify the sentence pursuant to IC 35–38–1–17 (1992 Supp.) (shock probation statute),[2] unless the plea agreement specifically reserves the right to do so for the court. *Goldsmith*, 275 Ind. at 552, 419 N.E.2d at 114. In reaching this conclusion, the court emphasized the contractual nature of plea agreements, stating:

> To allow the trial court to either increase or suspend the executed sentence, would deny the parties the essential purpose of their agreement. It is to the interest of both the defendant and the public to facilitate expeditious disposition of criminal cases. Strict adherence to the agreement is essential to this purpose.

*Id.* That same rationale would appear equally applicable to the reduction of sentence statute and, therefore, to Thompson. The guilty plea court accepted the plea agreement wherein Thompson agreed to a particular sentence in exchange for the dismissal of other charges. Thompson received his benefit from the agreement, and logically the State is entitled to equal consideration.[3]

However, Thompson argues that the *Goldsmith* rule is inapplicable to the present case and attempts to distinguish the two statutes. For example, Thompson notes that the shock probation statute requires the modification occur within one year of sentencing unless the State approves it. Conversely, the reduction of sentence statute provides that a petition shall be filed within two years of the defendant's earliest possible release date. Only the shock probation statute requires that any suspension be authorized by IC 35–50–2–2, and only the shock probation statute requires notice to the victim of the modification order. Finally, only the reduction of sentence statute requires an original sentence of more than four years, Class I credit time status, and successful completion of an appropriate educational, vocational, or substance abuse program. However, the distinctions do not address the underlying contract rationale of the *Goldsmith* court, that is, that the explicit agreement between the parties binds the guilty plea court when it accepts the agreement.

Thompson also argues that the language of the reduction of sentence statute is clear and unambiguous, and therefore must be given its "apparent or obvious meaning." *Matter of Grissom* (1992), Ind., 587 N.E.2d 114, 116. The statute's obvious meaning is that incarcerated persons who meet its qualifications are eligible for a reduction in their sentence of up to two years. A logi-

---

**2.** IC 35–38–1–17 provides:

(a) Within three hundred sixty-five (365) days after:

(1) the defendant begins serving his sentence;

(2) a hearing at which the defendant is present and of which the prosecuting attorney has been notified; and

(3) obtaining a report from the department of correction concerning the defendant's conduct while imprisoned; the court may reduce or suspend the sentence. The court must incorporate its reasons in the record.

(b) If more than three hundred sixty-five (365) days have elapsed since the defendant began serving the sentence and after a hearing at which the convicted person is present, the court may reduce or suspend the sentence, subject to the approval of the prosecuting attorney. The court must give notice of the order to reduce or suspend the sentence under this section to the victim (as defined in IC 35–35–3–1) of the crime for which the defendant is serving the sentence.

(c) The court may suspend a sentence for a felony under this section only if suspension is permitted under IC 35–50–2–2.

(d) The court may deny a request to suspend or reduce a sentence under this section without making written findings and conclusions.

(e) Notwithstanding subsections (a) and (b), the court is not required to conduct a hearing before reducing or suspending a sentence if:

(1) the prosecuting attorney has filed with the court an agreement of the reduction or suspension of the sentence; and

(2) the defendant has filed with the court a waiver of the right to be present when the order to reduce or suspend the sentence is considered.

**3.** If the reduction of sentence statute allowed a court to suspend, rather than reduce, part or all of the last two years of a more than four-year sentence, Thompson would be in a different situation because his plea agreement specifically preserved discretion in the guilty plea court in all matters of sentencing other than the term of the sentence. However, unlike the shock probation statute, which provides that a sentence may be suspended or modified, the reduction in sentence statute provides for a reduced sentence only. Strict adherence to the agreement, therefore, requires that Thompson's sentence not be reduced.

cal inference from the absence of language in the statute addressing the plight of persons who are disqualified by reason of their plea agreements is that the legislature intended the ineligibility continue. Indeed, Thompson acknowledges it is presumed

> that the legislature is aware of the common law, and does not intend to make any change therein beyond what it declares either in express terms or by unmistakable implication.

*Tittle v. Mahan* (1991), Ind., 582 N.E.2d 796, 800. Thus, we presume that the legislature knew specified sentences in plea agreements could not be modified when it enacted the reduction of sentence statute. Therefore, a specific provision extending the statute's coverage to plea agreements would have been included had it been the legislature's intent to do so.

Finally, Thompson argues that the guilty plea court failed to abide by rules of statutory construction. According to him, because IC 35–38–1–23 and IC 35–35–3–3 (1988),[4] a statute concerning plea agreements, relate to similar subject matter, they are "in pari materia" and must be construed together to arrive at a harmonious result. *See Sanders v. State* (1984), Ind., 466 N.E.2d 424, 427–28; *Warner v. State* (1986), Ind.App., 497 N.E.2d 259, 261–62. Thompson further asserts that the guilty plea court's interpretation renders the reduction of sentence statute useless, and "courts will not presume that the legis-

lature intended to do a useless thing." *Northern Indiana Bank & Trust Co. v. State Board of Finance* (1983), Ind., 457 N.E.2d 527, 532. However, the supreme court has already determined that statutes relating to plea agreements and sentence modification cannot always be construed to give effect to each provision. *Goldsmith,* 275 Ind. at 552, 419 N.E.2d at 114. In any event, the statutes are being construed together; IC 35–35–3–3 relates to plea agreements and provides in part that "if the court accepts a plea agreement, it shall be bound by its terms." IC 35–35–3–3(e). In addition, the guilty plea court's interpretation does not diminish the statute's usefulness because the *Goldsmith* rule applies only where the plea agreement contains a specific term of imprisonment. The statute retains force in cases where the defendant was found guilty or pled guilty without an agreement for a specified term of incarceration.

Therefore, the guilty plea court correctly determined that it lacked the authority to reduce Thompson's sentence pursuant to IC 35–38–1–23.

Judgment affirmed.

FRIEDLANDER and MILLER, JJ., concur.

---

4. IC 35–35–3–3 reads:

> (a) No plea agreement may be made by the prosecuting attorney to a court on a felony charge except:
> (1) in writing; and
> (2) before the defendant enters a plea of guilty.
> The plea agreement shall be shown as filed, and if its contents indicate that the prosecuting attorney anticipates that the defendant intends to enter a plea of guilty to a felony charge, the court shall order the presentence report required by IC 35–38–1–8 and may hear evidence on the plea agreement.
> (b) Neither the content of the plea agreement, the presentence report, nor the hearing shall be a part of the official record of the case unless the court approves the plea agreement. If the plea agreement is not accepted, the court shall reject it before the case may be disposed of by trial or by guilty plea. If the

> court rejects the plea agreement, subsequent plea agreements may be filed with the court, subject to the same requirements that this chapter imposes upon the initial plea agreement.
> (c) A plea agreement in a misdemeanor case may be submitted orally to the court.
> (d) In a misdemeanor case, if:
> (1) the court rejects a plea agreement; and
> (2) the prosecuting attorney or the defendant files a written motion for change of judge within ten (10) days after the plea agreement is rejected;
> the court shall grant the motion for change of judge and transfer the proceeding to a special judge under the Indiana Rules of Criminal Procedure. However, there may not be more than one (1) transfer of the proceeding to a special judge under this subsection.
> (e) If the court accepts a plea agreement, it shall be bound by its terms.