**Terry SCHIPPERS, Appellant–
Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 29A05–9304–CR–130.**

Court of Appeals of Indiana,
Fifth District.

Oct. 27, 1993.

Harry L. Sauce, Harry L. Sauce And Associates, Noblesville, for appellant-defendant.

Pamela Carter, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

BARTEAU, Judge.

Appellant Terry Schippers appeals from the trial court's denial of his Petition for Reduction of Sentence. He presents one issue for our consideration:

Whether a defendant who has entered a plea agreement with the state has the right to reduction of the executed portion of his sentence under Indiana Code 35–38–1–23, where the plea was accepted by the court prior to the legislative enactment of the statute and where the written plea agreement does not address the statute?

We answer the question presented in the negative and affirm the trial court's denial of Schippers' Petition for Reduction of Sentence.

### FACTS

In December of 1990, Schippers, by way of a written plea agreement, pleaded guilty to Dealing in a Schedule I Controlled Substance. The agreement provided that Schippers would receive a ten year sentence, with six years executed and four years suspended. The agreement also contained an express waiver by Schippers of his right to "request, file motion for, or be considered for a modification of sentence, under I.C. 35–38–1–17." R. 67.

Nevertheless, Schippers filed a Petition for Reduction of Sentence under I.C. 35–38–1–23, enacted effective July 1, 1992. The trial judge, relying on *State ex rel. Goldsmith v. Marion County Superior Court* (1981), 275 Ind. 545, 419 N.E.2d 109, denied the petition.

### DISCUSSION

*Goldsmith* addressed I.C. 35–4.1–4–18 (now I.C. 35–38–1–17), commonly called the "shock probation" statute. Pursuant to the statute, a judge, within 365 days of sentencing (formerly 180 days), may reduce or suspend the sentence of a defendant. After that time period, the trial judge may only do so with permission of the prosecutor. I.C. 35–38–1–17. In holding that a trial court was foreclosed from granting shock probation if a guilty plea contained an express agreement as to length of sentence, our Supreme Court, in *Goldsmith*, held that:

The concept of plea bargaining contemplates an explicit agreement between the State and defendant which is binding upon both parties when accepted by the trial court. To allow the trial court to either increase or suspend the executed sentence, would deny the parties the essential purpose of their agreement. It is to the interest of both the defendant and the public to facilitate expeditious disposition of criminal cases. Strict adherence to the agreement is essential to this purpose.

*Goldsmith*, 275 Ind. at 552, 419 N.E.2d at 114.

Schippers argues that *Goldsmith* should not control in the present case because (1) the facts and circumstances are distinguishable; (2) the statute at issue here was enacted ten years after *Goldsmith*, evidencing the legislative intent to treat it differently than the statute addressed in *Goldsmith;* and (3) public policy and princi-

ples of equity support letting Schippers benefit from the new statute.

We disagree and concur with Judge Shield's conclusion in *Thompson v. State* (1993), Ind.App., 617 N.E.2d 576, that the rationale expressed in *Goldsmith*—that a plea agreement is contractual in nature and permitting modification of its terms defeats the essential purpose of the agreement—is equally applicable to I.C. 35–38–1–23 as it is to the shock probation statute. *Thompson*, 617 N.E.2d at 578. Schippers has received the benefit of his bargain. To permit reduction or modification of his sentence would deprive the State of its end of the bargain. Further, Schippers' plea agreement contained an express waiver of his right to seek modification of sentence under the shock probation statute. To permit him to accomplish modification through the use of a statute not in existence when the agreement was drafted would be akin to him recouping a portion of the consideration given in exchange for the plea agreement. For these and the other reasons expressed in *Goldsmith* and *Thompson,* we affirm the trial court's denial of Schippers' Petition for Reduction of Sentence.

AFFIRMED.

SHARPNACK, C.J., and STATON, J. concur.