Donato PANNARALE, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 43A05–9210–CR–379.

Court of Appeals of Indiana,
Fifth District.

Jan. 25, 1994.

Donato Pannarale, pro se.

Pamela Carter, Atty. Gen., Deana McIntire Smith, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

BARTEAU, Judge.

Donato Pannarale pleaded guilty, pursuant to a plea agreement, to Dealing in Cocaine, a Class B felony. In exchange for the guilty plea, the State dismissed three other pending charges and agreed that the executed sentence imposed should not exceed ten years, and that the State would "stand mute" at sentencing. Pannarale was sentenced to a term of ten years imprisonment. In August, 1992, Pannarale petitioned the sentencing court for reduction of his sentence pursuant to Ind.Code 35–38–1–23. This petition was denied on September 29, 1992.

Before pleading guilty, Pannarale, by counsel, filed a "Motion to Release Property Not Held for Evidence." By way of this motion, Pannarale sought release of $8,900 which the police had confiscated from an attache case in his apartment during a search of the apartment. The trial court denied this motion on October 19, 1992, finding that the property was seized under federal forfeiture laws; therefore, Pannarale was required to petition the federal court for appropriate relief.

Pannarale argues on appeal that the trial court abused its discretion in denying his petition for sentence reduction. He also argues that he is entitled to return of the $8,900 confiscated from his apartment.

We affirm.

### DISCUSSION

Before we address the merits of Pannarale's arguments, we note that Pannarale has failed to comply with the Indiana Appellate Rules in preparation of the record for appeal. Pannarale, proceeding *pro se,* apparently extracted portions of the transcript and inserted them into the appendix of his appellant's brief. The result is that the record of proceedings is incomplete with relevant pages missing. The State filed a motion with this court to compel Pannarale to submit a corrected record. However, this motion was denied, and the State chose not to supple-

ment the record pursuant to Ind.App.Rule 7.2(C). Nevertheless, we will address the merits of Pannarale's arguments.

Pannarale argues that the trial court abused its discretion in denying his petition to reduce his sentence. Indiana Code 35–38–1–23 provides in part as follows:

(a) Notwithstanding IC 35–50–2–2, a person may petition the sentencing court for a reduction of sentence if:

(1) the person has been sentenced to more than four (4) years imprisonment;

(2) the person is in credit Class I;

(3) there are less than two (2) years remaining until the person's earliest possible release date computed by including Class I credit time;

(4) the person has successfully completed:

(A) an educational program other than a program under IC 35–50–6–3.3;

(B) a vocational program; or

(C) a substance abuse program;

(5) the person has demonstrated a pattern of behavior consistent with evidence of rehabilitation.

(b) Upon the filing of a petition under subsection (a), the court may reduce the sentence of the person by up to two (2) years upon a finding that:

(1) all conditions of subsection (a)(1) through (a)(5) exist; and

(2) reduction of the sentence is in the best interests of justice.

This statute became effective July 1, 1992. Since that time, this court has had an opportunity to review the question of whether a person who pleads guilty pursuant to a plea agreement is entitled to sentence reduction under this statute. In *Thompson v. State* (1993), Ind.App., 617 N.E.2d 576, *reh'g denied, trans. denied,* this court held that a defendant who pleads guilty pursuant to a plea agreement which contains an agreed-upon sentence is not entitled to sentence reduction under I.C. 35–38–1–23. Thompson pleaded guilty to receiving stolen property, for which he was to be sentenced to four years and to operating a motor vehicle after a finding of habitual traffic offender, for which he was to be sentenced to four years.

All other matters of sentencing which were not specifically stated in the agreement were left to the discretion of the trial court. The trial court denied Thompson's petition for reduction. This court affirmed, stating:

In *State ex rel. Goldsmith v. Marion County Superior Court* (1981), 275 Ind. 545, 419 N.E.2d 109, our supreme court held that a court which accepts a plea agreement specifying an executed sentence may not thereafter suspend or modify the sentence pursuant to IC 35-38-1-17 (1992 Supp.) (shock probation statute), unless the plea agreement specifically reserves the right to do so for the court. *Goldsmith*, 275 Ind. at 552, 419 N.E.2d at 144. In reaching this conclusion, the court emphasized the contractual nature of plea agreements, stating:

To allow the trial court to either increase or suspend the executed sentence, would deny the parties the essential purpose of their agreement. It is to the interest of both the defendant and the public to facilitate expeditious disposition of criminal cases. Strict adherence to the agreement is essential to this purpose.

*Id.* That same rationale would appear equally applicable to the reduction of sentence statute and, therefore, to Thompson. The guilty plea court accepted the plea agreement wherein Thompson agreed to a particular sentence in exchange for the dismissal of other charges. Thompson received his benefit from the agreement, and logically the State is entitled to equal consideration.

*Id.* at 577-78 (footnotes omitted). This court also rejected Thompson's argument that the *Goldsmith* rule should not apply to the sentence reduction statute. The underlying rationale of *Goldsmith* is that a plea agreement is contractual in nature, binding the defendant, the State and the guilty plea court. *Thompson*, 617 N.E.2d at 578. The court has no authority to do that which is not specified in the plea agreement, whether it be grant shock probation or reduce the sentence under I.C. 35-38-1-23. *Id.* This court presumes that the legislature was aware of the common law as stated in *Goldsmith* when

it passed the sentence reduction statute. *Id.* at 579. Thus, absent a specific provision in the statute which would make it equally applicable to those who are sentenced after a trial and those who are sentenced pursuant to a plea agreement, we must presume that the legislature did not intend to extend the statute's coverage to plea agreements. *Id.*

The issue was addressed again in *Schippers v. State* (1993), Ind.App., 622 N.E.2d 993. Schippers' plea agreement provided that Schippers would receive a ten-year sentence, with six years executed and four years suspended. Relying on the reasoning in *Thompson*, this court affirmed the trial court's denial of Schippers' petition for reduction of sentence.

Unlike the plea agreements in *Thompson* and *Schippers*, Pannarale's plea agreement does not provide for a specific term but instead provides for a sentence not to exceed ten years. However, there is no specific reservation of the court's authority to grant a sentence reduction under I.C. 35-38-1-23. Absent such a reservation, the court may not grant the reduction.

■ Pannarale also argues that the sentencing court retained authority to later reduce the sentence by virtue of the following phrase: "the defendant understands that if he receives a suspended sentence, restitution may be ordered as a part of probation." This does not, as Pannarale suggests, amount to a specific reservation of the court's authority to reduce the sentence once it has been imposed.

■ Pannarale next argues that the trial court abused its discretion in denying his Motion for Return of Property. In this motion, Pannarale sought return of an attache and its contents (including $8,900) seized by the police while searching his apartment pursuant to a search warrant. He argued that the attache and its contents were not evidence and the search warrant was defective. Therefore, he was entitled to return of the items. After a hearing, the court denied this motion because

it appeared to the Court that the question of seizure of the applicable monies was accomplished by and pursuant to federal

law and that any remedy thereunder would be under the Federal District Court System for the Northern District of the State of Indiana, and granted to counsel for defendant additional time in which to file any further discovery or law with the Court. No additional law having been filed with the Court, the Court does now reconfirm its original finding that the Court is without jurisdiction to order the return of the defendant's monies....

(R. 9–10).

Pannarale now argues that he is entitled to return of the property under I.C. 35–1–6–5.1. The State argues that Pannarale has waived this argument because he did not present a transcript of the hearing held on this motion. The State further points out that I.C. 35–1–6–5.1 has been repealed and that Pannarale has failed to show he is entitled to return of the property.

The State is correct that I.C. 35–1–6–5.1 has been repealed. It was replaced by I.C. 35–33–5–5, which provides in relevant part:

(a) All items of property seized by any law enforcement agency as a result of an arrest, search warrant, or warrantless search shall be securely held by the law enforcement agency under the order of the court trying the cause, except as provided in this section.

    \*    \*    \*    \*    \*    \*

(c) Following the final disposition of the cause at trial level or any other final disposition:

(1) Property which may be lawfully possessed shall be returned to its rightful owner, if known....

Pannarale argues that the money was lawfully possessed by him and should therefore be returned to him. In *State v. Poxon* (1987), Ind.App., 514 N.E.2d 652, *reh'g denied, trans. denied,* we held that absent testi-mony or direct evidence that the arrestee had obtained cash which he sought to have returned to him through an illegal transaction, the arrestee was entitled to return of the money. Here, however, Pannarale did not submit a transcript of the hearing on his motion. Therefore, we do not know what evidence the State submitted. We agree with the State that Pannarale's failure to submit a transcript of the hearing on his motion results in waiver of this issue on appeal.[1]

AFFIRMED.[2]

MILLER, J., concurs.

RUCKER, J., concurs with opinion.

RUCKER, Judge, concurring.

I fully concur with the majority. I write separately to address Pannarale's contention that once a defendant satisfies all of the requirements set forth in Ind.Code § 35–38–1–23(a)(1) through (a)(5) the trial court is bound to reduce the sentence. According to Pannarale, the Legislature enacted the foregoing statute to alleviate overcrowded prisons and thus "if a prisoner me[ets] all the criteria demanded by the Legislature, the motion should be granted, regardless of the nature of the crime." *Brief of Appellant* at 12. Pannarale is mistaken.

First, judicial interpretation of a statute is necessary where the statutory language is unclear or ambiguous. *Bowman v. State* (1979), Ind.App., 398 N.E.2d 1306, 1308. In that instance the reviewing court is called upon to construe the statute and must search for legislative intent. *Horne v. State* (1991), Ind.App., 572 N.E.2d 1333, *trans. denied.* Here, Ind.Code § 35–38–1–23 is clear and straightforward. Thus, contrary to Pannarale's assertion, we need not explore the rationale underlying the statute's enactment. Second, even if a defendant satisfies all of the

---

1. We note that Pannarale was put on notice by the State on more than one occasion that the record was incomplete—first, in its pre-appeal motion to this court and then in its appellee's brief. In its brief, the State argued that Pannarale had waived this issue by failing to submit a complete record. In his reply, however, Pannarale specifically rejected the notion that any more information was necessary for this court to make a determination on this matter.

2. On December 1, 1993, Pannarale untimely filed a Reply brief along with a "Motion to File Instanter", asking this court to accept the untimely filing of the reply brief. This motion is hereby denied.

requirements set forth in the statute, the trial court is not obligated to grant a petition to reduce sentence. Rather, in its discretion the trial court "may reduce the sentence of the person by up to two (2) years" provided it is "in the best interest of justice." *Id.* Further, the petition may be granted or denied without a hearing. *Id.*

In this case the majority has determined that unless a plea agreement contains a specific reservation of the court's authority to grant a reduction under Ind.Code § 35–38–1–23, the court may not grant the reduction. I agree. I add, however, that even if such a reservation were contained in the plea agreement, the court nonetheless is not bound to grant the reduction. While the reservation clause would remove the barrier imposed by *Thompson v. State* (1993), Ind.App., 617 N.E.2d 576, *trans. denied* and *Schippers v. State* (1993), Ind.App., 622 N.E.2d 993, the trial court must still be convinced a sentence reduction would be in the best interest of justice. If it is not so convinced, then the petition may be denied.