**Lisa Dawn OWENS, Appellant– Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 75A03–0710–CR–462.**

Court of Appeals of Indiana.

May 13, 2008.

Transfer Denied July 17, 2008.

James H. Voyles, Jennifer M. Lukemyer, Voyles, Zahn, Paul, Hogan & Merriman, Indianapolis, IN, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, Joby D. Jerrells, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

RILEY, Judge.

*STATEMENT OF THE CASE*

Appellant–Defendant, Lisa Dawn Owens (Owens), appeals the trial court's denial of her Motion for Sentence Modification.

We reverse and remand.

*ISSUE*

Whether the trial court erred in concluding that it lacked authority to modify Owens' sentence pursuant to Ind.Code § 35–38–1–17.

*FACTS AND PROCEDURAL HISTORY*

Owens shot and killed her husband on May 23, 2002. The State, in turn, charged Owens with one count of murder, a felony, I.C. § 35–42–1–1. On August 8, 2002, Owens and the State entered into a plea agreement in which Owens agreed to plead guilty to voluntary manslaughter. The plea agreement provides in pertinent part:

4. The Court will sentence the Defendant to forty (40) years in the Indiana Department of Corrections [sic].

5. The parties agree that this Plea Agreement will not operate as a waiver of Defendant's right to seek sentence modification within 365 days of sentencing pursuant to I.C. 35–38–1–17(a), and the Prosecuting Attorney consents and approves further filings of petitions for sentence modification thereafter under I.C. 35–38–1–17(b), provided, however, nothing in this agreement shall foreclose the State of Indiana from objecting to any modification of sentence.

(Appellant's App. at 13–14) The trial court accepted the agreement and sentenced Owens to forty years.

From the time she was sentenced, Owens has filed two motions to modify her sentence. She initially filed on August 11, 2003, pursuant to I.C. § 35–38–1–17(a).[1] The trial court denied the motion. The second came on November 6, 2006, pursuant to I.C. § 35–38–1–17(b). Following a hearing during which the trial court accepted evidence and heard arguments, the court again denied the motion. In its order, the court stated:

The Defendant's Petition for Modification of Sentence is based upon this Court's determination by an examination of the "Plea Agreement" heretofore filed and made a part of the record dated August 8, 2002. In that agreement the Defendant voluntarily entered a plea to the amended charge of Voluntary Manslaughter a Class A Felony. The Prosecutor amended that charge from the original charge of Murder. Prosecuting Attorney and defense counsel agreed to recommend to the court a period of incarceration of forty (40) years in the Indiana Department of Corrections [sic]. While the parties further agreed that the Defendant had a *right* to seek sentence modification and "the Prosecuting Attorney consents and approves further filings of petition for sentence modification thereafter under I.C. § 35–38–1–17(b), provided, however, nothing in this agreement shall foreclose the State of Indiana from objecting to any modification of sentence." The Prosecuting Attorney has objected to the granting of the motion for sentence modification before the Court.

It is this Court's ruling and interpretation of the law that the Plea Agreement heretofore referred to of August 8, 2002 agreed to by the Prosecuting Attorney, agreed to by the Defendant, agreed to by defense counsel and ultimately accepted by the Court constitutes a binding agreement and contract among all of the parties listed.

\* \* \* \* \* \*

To have the Court (considering the Prosecuting Attorney's objection to the modification) grant any modification of this sentence absent an agreement of all parties to that Plea Agreement would be

---

1. I.C. § 35–38–1–17(a) states:
   (a) Within three hundred sixty-five (365) days after:
   (1) a convicted person begins serving the sentence imposed on the person;
   (2) a hearing is held:
   (A) at which the convicted person is present; and

(B) of which the prosecuting attorney has been notified; and
(3) the court obtains a report from the department of correction concerning the convicted person's conduct while imprisoned; the court may reduce or suspend the sentence. The court must incorporate its reasons in the record.

in violation of the law and beyond its discretion.

(App. at 54–56) (emphasis in original).

Owens now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

■ Owens argues that the trial court erred in denying her Petition for Modification of Sentence when the court reasoned that it lacked the authority to do so under the terms of the plea agreement Owens reached with the State of Indiana. We review this question under the standard articulated in *Griffin v. State*, 756 N.E.2d 572, 574 (Ind.Ct.App.2001) *reh'g denied, trans. denied.* A plea agreement constitutes a contract between the defendant and the State that becomes binding upon both parties when the trial court accepts it. *Id.* Thus, a reviewing court's consideration involving plea agreements is guided by principles of contract law. *Id.* When interpreting a contract, the primary goal is to determine the parties' intent. *Id.* If the terms of a contract are clear and distinct, however, "they are conclusive of that intent, and the court will not construe the contract or look to extrinsic evidence." *Id.* In that instance, the court will simply apply the contractual provisions. *Id.* An existing controversy between the parties does not, *per se*, render the contract terms ambiguous. *Id.* Rather, contractual ambiguity will be determined only if "reasonable people would find the contract subject to more than one construction." *Id.*

■ Additionally, to determine the meaning of a contract, a reviewing court must consider all of its provisions rather than individual words and phrases. *Tastee–Freez Leasing Corp. v. Milwid*, 173 Ind.App. 675, 365 N.E.2d 1388 (1977). The court must recognize an interpretation that "harmonizes the provisions thereof," if such can be reasonably accomplished. *Id.*

Lastly, the court has a duty to interpret the contract in accordance with "the manifest intention of the parties." *Id.*

■ We hold that the trial court erred in concluding that it lacked authority to modify Owens' sentence pursuant to Indiana statutory law and the terms of the plea agreement Owens reached with the State of Indiana. Indiana Code section 35–38–1–17(b) states in pertinent part: "If more than three hundred sixty-five (365) days have elapsed since the convicted person began serving the sentence and after a hearing at which the convicted person is present, the court may reduce or suspend the sentence, subject to the approval of the prosecuting attorney." Under typical circumstances, a trial court has no discretion to reduce or suspend a defendant's sentence pursuant to that statute unless the prosecuting attorney gives approval. *State v. Fulkrod*, 753 N.E.2d 630, 633 (Ind. 2001). In this case, however, we find that the State waived its right to give approval. The "consents and approves" provision does more than illustrate applicable law. Appellant's App. at 13. Indeed, its inclusion is sensible only if it differs from the applicable law in some fashion. If the State did not forfeit something in stating that it "consents and approves" Owens filing petitions to modify her sentence after one year, then it would not have been necessary for the State to establish its right to object to such modification. The only sensible interpretation of the "consents and approves" language is an interpretation meaning that the State waived its right to approve Owens' petition for sentence modification and has not forfeited its right to object to such a modification. Otherwise, there is no reason for the provision to have been included in the plea agreement.

## CONCLUSION

Based on the foregoing, we conclude that the trial court erred in determining that it lacked authority to modify Owens' sentence pursuant to Indiana statutory law and the terms of the plea agreement Owens reached with the State of Indiana. We remand this case to the trial court to exercise its discretion in deciding whether to grant Owens' Petition for Modification of Sentence.

Reversed and remanded.

KIRSCH, J., concurs.

MAY, J., dissents with separate opinion.

MAY, Judge, dissenting.

Because I believe the court correctly determined it lacked authority to modify Owens' sentence, I must respectfully dissent.

Owens' plea agreement *explicitly* provides: "nothing in this agreement shall foreclose the State of Indiana from objecting to any modification of sentence." (App. at 13.) Accordingly, I believe the trial court cannot modify Owens' sentence until the State of Indiana declines to object to one of her motions.

Neither would I find the "consents and approves" provision created ambiguity that permits us to ignore that explicit language in the plea agreement. The majority seems to believe the plea agreement cannot mean what it says because such a reading would indicate the State "did not forfeit something." (Op. at 67.) I disagree.

It is not uncommon for plea agreements to contain a defendant's waiver of his or her right to petition for modification of sentence. *See, e.g., Schippers v. State,* 622 N.E.2d 993, 994 (Ind.Ct.App.1993) ("The agreement also contained an express waiver by Schippers of his right to 'request, file

motion for, or be considered for modification of sentence, under I.C. 35–38–1–17.' "). *See also Knight v. State,* No. 33A01–0704–PC–165, 875 N.E.2d 829 (Ind. Ct.App.2007) ("The Defendant specifically agrees and understands that an additional term of his agreement is that he waives any and all rights to file a petition for modification of sentence to request a change of placement that he/she may have pursuant to I.C. 35–38–1–17(b)."); *Turley v. State,* No. 33A04–0606–CR–309, 858 N.E.2d 694 (Ind.Ct.App.2006) (Plea agreement provided: "The Defendant specifically agrees and understands that an additional term of this agreement is that he waives any and all rights to file a petition for modification of sentence to request a change of placement that he may have pursuant to I.C. 35–38–1–17(b)."). *Cf. Cole v. State,* 850 N.E.2d 417, 418 (Ind.Ct.App. 2006) (Plea explicitly noted it "was made 'without a waiver of any rights to modify or appeal the sentence....' "). Accordingly, without details of the plea negotiations, we can not know the State did not forfeit something in exchange for this provision in the plea agreement.

Moreover, as a matter of law, the State did forfeit something when it "consent[ed] and approv[ed]" to Owens' filing motions to modify under Ind.Code § 35–38–1–17. When a plea agreement calls for the court to impose a specific sentence, the court may not subsequently alter the sentence pursuant to a defendant's motion "unless the agreement contained a specific reservation of such authority for the trial judge." *Pannarale v. State,* 638 N.E.2d 1247, 1248 (Ind.1994) (citing *State ex rel. Goldsmith v. Superior Court,* 275 Ind. 545, 551–52, 419 N.E.2d 109, 114 (1981)). Owens' plea agreement provided: "The Court will sentence the Defendant to forty (40) years in the Indiana Department of Corrections [sic]." (Appellant's App. at 13.)

Owens thereby forfeited her right to have the trial court consider a subsequent motion to modify under Ind.Code § 35–38–1–17. *See Robinett v. State*, 798 N.E.2d 537, 540 (Ind.Ct.App.2003) (because defendant agreed to specific term of years in agreement, court was without authority to modify the sentence), *trans. denied* 812 N.E.2d 793 (Ind.2004). The "consents and approves" provision of the plea agreement restored Owens' right to petition for modification under I.C. 35–38–1–17. Therefore, I believe the majority erroneously decided the State "did not forfeit something," (*op.* at 67), and incorrectly asserts its reading is "[t]he only sensible interpretation of" the plea agreement. (*Id.*)

Because I believe the trial court correctly found it had no authority to modify Owens' sentence from the forty years provided by the plea agreement unless the prosecutor decided not to object to Owens' motion, I would affirm.