

**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**DANIEL J. MOORE**
Laszyncki & Moore
Lafayette, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CHANDRA K. HEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| BRANDON TITUS, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 79A02-1305-CR-460 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE TIPPECANOE SUPERIOR COURT
The Honorable Les A. Meade, Judge
Cause No. 79D05-1105-FD-194

**November 5, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

After pleading guilty to one count of class D felony Obstruction of Justice,[1] Brandon Titus filed a Petition for Modification of Conviction pursuant to a term of his plea agreement. Titus appeals from the trial court's order denying his petition and presents the following issue for our review: If the trial court had the authority to deny the petition, did the trial court abuse its discretion by finding that Titus did not completely fulfill the terms and conditions of his plea agreement necessary for a modification of his conviction to a class A misdemeanor?

We reverse and remand.

The factual basis supporting Titus's guilty plea reveals that on July 2, 2010, at approximately 5:27 a.m., Titus, then serving as an Indiana State Police Trooper, conducted a traffic stop of a female driver, who was his friend. The traffic stop was for speeding, but Titus administered a breath test on the female. The breath test revealed that she had a BAC of 0.166. Titus did not place the female under arrest, but, instead, released her after some time and removed the Datamaster printout of the results. Titus informed dispatch that the female had tested under the legal limit and that he would be taking her home. The next radio transmission from Titus was when he went off-duty at 6:30 a.m. on July 2, 2010.

At the conclusion of an investigation into Titus's activities, Titus and the State entered into a plea agreement whereby Titus agreed to plead guilty to obstruction of justice and serve 545 days suspended to unsupervised probation. Titus's plea agreement also contained the following provision:

> The defendant's sentence will be subject to the following terms of probation: maintain good and lawful behavior, complete avoidance of alcohol, refrain

---

[1] Ind. Code Ann. § 35-44.1-2-2 (West, Westlaw current with all 2013 legislation).

from illegally possessing or using controlled substances, refrain from entering any bars, taverns, or liquor stores, waiver of 4th Amendment rights to search and seizure, notify the court of any changes of address, and any other terms imposed by the court.

*Appendix* at 13. The plea agreement further provided as follows:

5. Upon the defendant's successful completion of probation on the terms outlined above the felony conviction in this cause will be reduced and entered as a Class A misdemeanor. Upon [p]etition by the [d]efendant the court shall conduct a hearing to determine if the [d]efendant has successfully completed probation for purposes of the misdemeanor reduction pursuant to Ind. Code § 35-38-1-1.5 [(West, Westlaw current with all 2013 legislation).]

*Id.* The trial court accepted Titus's plea agreement and imposed the sentence on October 13, 2011. On April 22, 2013, Titus filed a petition for the modification of his conviction.

The trial court held a hearing on Titus's petition for modification on April 26, 2013. At the hearing, Titus presented a letter of recommendation from Judge Michael A. Morrissey, a Tippecanoe County Superior Court judge. The following exchange occurred, beginning with the subject of the letter:

BY THE COURT:  Okay, alright. I'm curious, is that at your request?
BY MR. SMITH:  No, your honor.
BY THE COURT:  Where did that come from, how did it get in the file?
BY MR. SMITH:  I filed that—I filed that with my petition for modification judge, a letter of recommendation on behalf [of] Mr. Titus by Judge Morrissey.
BY THE COURT:  Okay, judges aren't supposed to do these things.
BY MR. SMITH:  I'll (inaudible).
BY THE COURT:  No, you submitted that but I just want you to understand we need not to ask judges to do such a thing. It's a clear violation of ethics.
BY MR. SMITH:  I understand your honor.
BY THE COURT:  His, not yours. Okay. State have anything it wants to say?
BY MR. FLEMING:  Mr. Titus, what's your employment at this time?
BY MR. TITUS:  I'm a full-time student.

3

BY MR. FLEMING: And where's that?

BY MR. TITUS: At Ivy Tech.

BY MR. FLEMING: And what are you studying?

BY MR. TITUS: A Criminal Justice matter course right now.

BY MR. FLEMING: Do you intend at all to try and get back into law enforcement?

BY MR. TITUS: Not at this point in time I don't plan to. Continue working with a non-profit foundation that I help run (indiscernible) and finish out my . . .

BY THE COURT: Not at this time?

BY MR. TITUS: Yes, sir.

BY THE COURT: Yeah, that would be the wrong answer to convince me to make this change. I don't—you know, I think you've slammed the door pretty hard of ever getting back into law enforcement and if that's the reason why we're here then I'm not going to grant this.

BY MR. SMITH: It's not, your honor.

BY THE COURT: Well, that wasn't the answer your client just gave under oath. It was not at this time. Not at this time is not the answer that needs to be said, it is no.

BY MR. SMITH: May I ask my client?

BY THE COURT: You go right ahead.

BY MR. SMITH: Brandon, are you intending on getting into law enforcement in the future?

BY MR. TITUS: No, sir.

BY THE COURT: Do you understand that I intend that you not get into law enforcement in the future?

BY MR. TITUS: Yes, sir.

BY THE COURT: I don't care how much growth Judge Morrissey thinks you have—wow—how much growth of your maturity level. You're a student of his?

BY MR. TITUS: No, sir.

BY THE COURT: (court reads from letter) My most recent contact with Brandon has been at Ivy Tech Community College of Lafayette where Brandon is a student in criminal justice and where I teach. (finish reading from letter) So, you're not his student?

BY MR. TITUS: No, sir. He teaches I believe the paralegal studies program.

BY THE COURT: Where else has this letter been used?

BY MR. SMITH: It has not your honor, it was for this. And I apologize if. . .

4

BY THE COURT: Oh, well you need to go apologize to Judge Morrissey because . . . Alright, do you have anything else you want to say?

*Transcript* at 4-6. The trial court took the matter under advisement and on April 29, 2013, denied Titus's petition.

Titus appeals contending that the trial court was without legal authority to exercise discretion in denying Titus's petition once it accepted the terms of the plea agreement. Titus asserts that he has successfully completed all of the terms and conditions of his probation thus entitling him pursuant to the plea agreement to a reduction of his conviction to a class A misdemeanor. He contends that the trial court erred by failing to enter an order to that effect.

"Plea agreements between criminal defendants and prosecutors are designed to induce the defendant to plead guilty, typically in return for a promise of less than the maximum sentence." *Pannarale v. State*, 638 N.E.2d 1247, 1248 (Ind. 1994). "The prosecutor and the defendant are the contracting parties, and the trial court's role with respect to their agreement is described by statute: 'If the court accepts a plea agreement, it shall be bound by its terms.' Ind. Code Ann. § 35-35-3-3(e) (West[, Westlaw current with all 2013 legislation]." *Id*. "Once it has accepted a plea agreement recommending a specific sentence, however, the terms of the agreement constrain the discretion the court would otherwise employ in sentencing." *Id*. "In imposing the sentence, the [trial] court possesses only that degree of discretion provided in the plea agreement." *Antcliff v. State*, 688 N.E.2d 166. 168 (Ind. Ct. App. 1997).

"An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances." *Collins v. State*, 835 N.E.2d 1010, 1016 (Ind. Ct. App. 2005) (quoting *Greenboam v. State*, 766 N.E.2d 1247, 1250 (Ind. Ct. App. 2002)). In our review of the trial court's decision, we consider the evidence in favor of the trial court's ruling and any unrefuted evidence in the defendant's favor. *Johnson v. State*, 831 N.E.2d 1163 (Ind. Ct. App. 2005). We do not reweigh the evidence. *Collins v. State*, 822 N.E.2d 214 (Ind. Ct. App. 2005).

Titus focusses primarily on the provision of the plea agreement calling for a modification of the conviction upon the successful completion of the terms and conditions of the plea. It is true that in the event Titus has successfully completed the terms and conditions placed on him, he is entitled by the terms of the plea agreement to have his sentence modified. That provision, however, dictates what must occur upon successful completion. Looking at the rest of the provision, the plea agreement allows a modification of the conviction if, upon the petition of the defendant, a hearing is held at which the trial court makes the determination *whether* the defendant has successfully completed the terms and conditions of his plea. Our duty in reviewing the plea agreement involves a consideration of all of the provisions, harmonizing the provisions if that can be reasonably accomplished. *Owens v. State*, 886 N.E.2d 64 (Ind. Ct. App. 2008). Here, the clear terms of the plea agreement call for a petition to be filed by the defendant, which occurred here, a hearing to be held on the defendant's petition, which occurred here, and a determination to be made by the trial court about whether the defendant successfully completed the terms and conditions

6

imposed on him, and which he accepted. That is precisely what was done in this case. Accordingly, while the trial court, per this plea agreement, retains no discretion vis-à-vis modification in the event Titus successfully completed the terms and conditions, the trial court retains the discretion to determine *if* Titus successfully completed those terms and conditions.

Now turning to the trial court's decision, we review that determination for an abuse of discretion. The trial court's decision, which includes detailed findings in support of its determination, makes clear that the trial court was concerned that Titus might pursue a career in law enforcement in the future. Titus's offense led to his termination from employment with the Indiana State Police. While the trial court may not have liked Titus's responses to questions about his future plans to obtain employment in law enforcement, no term of his probation required that he forego pursuing such a career. The trial court's findings, in pertinent part, follow:

> 3. This court accepted the plea of guilty and the Plea Agreement in part because the Defendant['s] career as a law enforcement officer had ended, in that he was terminated from his employment by the Indiana State Police for his conduct.
>
> 4. In his testimony at the hearing, the Defendant stated that he is presently a fulltime student. He was asked, "Do you intend to get back into law enforcement?" The Defendant answered, "Not at the present time."
>
> 5. This court has no intention of modifying this sentence if the reason for such modification is to allow the Defendant to pursue any career in law enforcement. That door is, and should be, closed permanently.
>
> 6. Furthermore, counsel for Defendant submitted to the court a letter from a sitting judge in Tippecanoe County which reads in part as follows:

7

I write this letter to attest to Brandon's growth as an individual moving on from his past toward a future where he is able to help others. Whether this is a new involvement in law enforcement, other public serve, or continued involvement in the Emma Page Foundation, Brandon will continue to be an asset to our community.

The letter is addressed "To Whom it May Concern," and this court does not know who requested the letter or the purpose given to the letter's author at the time it was requested. It is certainly possible that the author was unaware of its intended use in this court proceeding. Counsel for the Defendant, however, has placed that judge in jeopardy of a potential violation of the Code of Judicial Conduct Rule 1.3 and Rule 3.3. For judges to write letters of recommendation is a practice fraught with disaster and constitutes treading upon dangerously thin ice. All judges need to be careful of the potential for misuse of such letters.

*Appellant's Appendix* at 21-22. The order concludes by denying the petition for modification, and acknowledging the trial court's willingness to consider subsequent petitions filed by Titus.

With respect to the letter written on court letterhead and signed by Judge Morrissey in his capacity as a superior court judge, a careful review of the record reveals that Titus's defense counsel, as his advocate, attempted to introduce character evidence, likely in recognition of the fact that Titus had pleaded guilty to a crime arising from deception and dishonesty. Titus's counsel explicitly responded to questioning by the trial court, that the letter had been used nowhere else, and had as its sole purpose use in the modification hearing. The trial court, both by its order and in its comments from the bench, explained why it was not considering the letter of recommendation and cautioned judges of the ethical rules implicated by writing such letters. As quoted above, the trial court explicitly told Titus's counsel that the ethical issue was Judge Morrissey's, and not that of counsel. Thus, ethical

concerns about the letter were not factors considered by the trial court, and as such, need no further discussion here.

The record reveals the trial court's primary focus at the hearing was on Titus's efforts to pursue a career in law enforcement and Titus's request was denied on that basis. Whether Titus would or could pursue a career in law enforcement was not a proper consideration in that setting. The trial court's discretion was limited to determining if Titus had complied with the terms of the plea agreement. The State offered no evidence to suggest that Titus had not, and Titus offered evidence to support that he had complied with the terms of his probation. Consequently, we must conclude that the trial court abused its discretion by denying Titus's petition for modification of conviction on the grounds stated at the hearing and in its written order. Thus, we remand this matter to the trial court for further action consistent with this opinion.

Judgment reversed and remanded.

BAKER, J., and VAIDIK, J., concur.

9