## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**APPELLANT PRO SE**

Eric D. Smith
Plainfield, Indiana

**ATTORNEYS FOR APPELLEES**

Gregory F. Zoeller
Attorney General of Indiana

Kristin Garn
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Eric D. Smith,

*Appellant-Plaintiff,*

v.

The Marion County Prosecutor's Office, Terry R. Curry, John G. Baker, Margrett Robb, Justice May, Justice Mathias, Justice Sullivan, Sr., and The Indiana General Assembly,

*Appellees-Defendants.*

March 30, 2015

Court of Appeals Case No. 49A02-1406-MI-440

Appeal from the Marion Superior Court.
The Honorable James B. Osborn, Judge.
Cause No. 49D14-1105-MI-18642

**Sharpnack, Senior Judge**

# Statement of the Case

Eric D. Smith appeals the trial court's grant of the Appellees' motion to dismiss his amended complaint for injunctive and declaratory relief. We affirm.

# Issue

Smith presents two issues for our review, one of which is dispositive: whether the trial court erred by dismissing Smith's complaint for failure to state a claim.

# Facts and Procedural History

In August 2001, Smith was convicted by a jury of nine counts of arson, all Class B felonies, and one count of conspiracy to commit arson, also a Class B felony. Ind. Code §§ 35-43-1-1 (1999), 35-41-5-2 (1977). The evidence at trial showed that in February 2001, in order to exact revenge on his ex-girlfriend, Smith started a fire on the patio of her apartment using a stack of Duraflame Logs, a towel, gasoline, and matches. The three-alarm fire destroyed twelve apartment units. Smith was sentenced to twenty years.

Smith filed a direct appeal alleging that the State failed to present sufficient evidence to support his convictions. A panel of this Court affirmed his convictions in a memorandum decision. *See Smith v. State*, No. 49A04-0201-CR-31 (Ind. Ct. App. Nov. 19, 2002). Smith subsequently filed a petition for post-conviction relief, which was denied following a hearing. He appealed the denial of relief, and this Court affirmed the post-conviction court's

determination. *See Smith v. State*, No. 49A05-0409-PC-495 (Ind. Ct. App. April 13, 2006).

[5] Since that time, Smith has filed copious motions to modify sentence, motions to correct erroneous sentence, appeals of the denials of these motions, and successive petitions for post-conviction relief. After Smith filed several unsuccessful successive petitions for post-conviction relief, we issued an order imposing restrictions on Smith with respect to filing future successive petitions due to his "propensity toward endless litigation [that] warrants the unusual step of establishing a screening mechanism to forestall future frivolous lawsuits." *Smith v. State*, No. 49A02-0704-SP-341 (Ind. Ct. App. Order of July 9, 2007).

[6] Subsequently, in December 2007, out of concern for Smith's continuous, meritless filings, we issued a further order requiring him to seek leave from this Court before filing any additional appeals arising from his arson convictions. The order provided, in pertinent part:

> 4. A. Appellant may first file a motion for leave of this Court to file any additional appeal directed to this Court seeking review of any criminal matter arising out of Appellant's conviction for arson.
>
> B. Any motion for leave to file an appeal that is tendered by Appellant must include an Appellant's case summary, a current certified copy of the chronological case summary, the motion filed with the trial court, any answer to the motion, a certified copy of the trial court's judgment from which Appellant seeks review, and a copy of the timely filed notice of appeal from the final judgment. Any motion for leave filed after the date of this order shall include a copy of this order. Failure to include any of

the above-listed documents shall subject Appellant's motion for leave to file an appeal to dismissal with prejudice.

....

E. Upon receipt of any filings from Appellant, the entire matter, including but not limited to: (A) the trial court clerk's obligation to assemble the clerk's record and file the notice of completion of clerk's record; (B) the trial court reporter's obligation to prepare the transcript and file the notice of completion of transcript; and (C) all briefing shall be automatically held in abeyance until such time as this Court issues an order either allowing the appeal to go forward or dismissing the appeal.

*Smith v. State*, No. 49A04-0706-CR-325 (Ind. Ct. App. Order of December 19, 2007). In spite of these restrictions, Smith has continued to file meritless motions and appeals in this Court, as well as filing countless motions in the trial courts of this state, in circumvention of our prior orders.[1]

---

[1] Because of Smith's persistent filings, this Court, on September 9, 2014, issued an order expanding its December 19, 2007 order. The order provided:

1. This Court's December 19, 2007 order is hereby expanded to include all appeals arising out of cases in any court in Indiana where a conviction was entered before the date of this order.
2. The restrictions put in place by this Court's December 19, 2007 order remain in effect except that Smith is no longer required to file an Appellant's Case Summary because that document has been abolished under the Appellate Rules.
3. Failure by Smith to fully comply with this order and the December 19, 2007 order will result in the imposition of a penalty which may include incarceration for which good time credit is not applicable.

*Smith v. Butts*, No. 33A01-1402-MI-87 (Ind. Ct. App. Order of September 9, 2014).

In October 2011, Smith filed the amended complaint that is the basis of the current appeal. In the complaint, Smith requested declaratory and injunctive relief for alleged violations of his constitutional rights by the Marion County Prosecutor's Office, the Marion County Prosecutor, certain judges of the Court of Appeals, and the entire Indiana General Assembly for their part in allegedly depriving him of obtaining a modification of his sentence.[2] The defendants in the action filed a motion to dismiss for failure to state a claim, and, following a hearing, the trial court dismissed Smith's complaint. This appeal followed.

## Discussion and Decision

This Court reviews de novo the trial court's grant of a motion to dismiss pursuant to Indiana Trial Rule 12(B)(6). *Veolia Water Indianapolis, LLC v. Nat'l Trust Ins. Co.*, 3 N.E.3d 1, 4 (Ind. 2014). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint to determine whether the allegations in the complaint establish any set of circumstances under which a plaintiff would be entitled to relief. *Id.* When evaluating the trial court's grant of a Rule 12(B)(6) motion, this Court accepts as true the facts alleged in the complaint, considers the pleadings in the light most favorable to the plaintiff, and draws every reasonable inference in favor of the nonmoving party. *Id.* at 4-5. We affirm the trial court's grant of the motion only when it is apparent that

---

[2] In their brief, the Appellees note that it does not appear that service of process was ever attempted on the Indiana General Assembly. Appellees' Br. p. 1, n.1. Smith indeed acknowledges that "[t]he Indiana General Assembly were [sic] named as a defendant, but was not served the complaint yet." Appellant's Br. p. 16.

the facts alleged are incapable of supporting relief under any set of circumstances. *Id.* at 5.

[9] In his complaint, Smith alleged that Indiana Code section 35-38-1-17(b) (1991) (setting forth the required circumstances for modification of sentences), Post-Conviction Rule 1, section 12(b) (authorizing the filing of a successive petition for post-conviction relief if the petitioner establishes a reasonable possibility that he is entitled to post-conviction relief), and Appellate Rule 57(B) (providing that an order declining to authorize the filing of a successive petition for post-conviction relief is not considered an adverse decision from which transfer may be sought) are being used by judges and prosecutors to "retaliate" against him for his "legal endeavors," "anarchist political beliefs," and "political reasons." Appellant's App. p. 20. He further claimed that these deprivations violated his constitutional rights. For relief of these alleged abuses, he sought a declaratory judgment proclaiming the unconstitutionality of Indiana Code section 35-38-1-17, Post-Conviction Rule 1, section 12(b), and Appellate Rule 57(B). In addition, he sought an injunction restraining this Court from denying him leave to file a successive petition for post-conviction relief as well as an injunction against the Marion County Prosecutor and the Marion County Prosecutor's Office prohibiting them from withholding their approval of a sentence modification.

[10] Smith's claims are, in essence, an impermissible collateral attack on his convictions and sentence as well as an attack on all of the prior determinations concerning his numerous attempts to modify his sentence. "A collateral attack

on a judgment has been defined as a judicial proceeding pursued to avoid, defeat, evade, or deny the validity and effect of a valid judgment or decree." *City of Gary Common Council v. White River Envtl. P'Ship-Gary*, 713 N.E.2d 893, 895 (Ind. Ct. App. 1999), *trans. denied*. Here, dissatisfied with the rulings he has received from this Court regarding the filing of an additional successive petition for post-conviction relief and with the prosecutor's refusal to approve a sentence modification in the trial court, Smith brought this civil action in order to obtain a modification of his sentence. Smith has attempted to go outside the bounds of his criminal case and collaterally attack his sentence in a civil action; this he cannot do.

[11] Additionally, Smith contends that certain judges of this Court have violated his rights by refusing to allow him to file additional successive petitions for post-conviction relief pursuant to Post-Conviction Rule 1, section 12(b). Judges in this state are entitled to absolute judicial immunity for all actions taken in their judicial capacity, unless those actions are taken in the complete absence of any jurisdiction. *Droscha v. Shepherd*, 931 N.E.2d 882, 888-89 (Ind. Ct. App. 2010). There is nothing in this case to suggest that jurisdiction was lacking. Thus, the judges of this Court have absolute immunity for their acts in carrying out their judicial duties, including exercising their discretion to determine not to allow Smith to file additional successive petitions.

[12] Smith also argues that because he seeks injunctive relief, his claim against the appellate judges is not barred by judicial immunity. In support of his allegation, Smith cites *Pulliam v. Allen*, 466 U.S. 522, 541-42, 104 S. Ct. 1970, 80 L. Ed. 2d

565 (1984), which states that judicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in his or her judicial capacity. However, as Smith recognizes, his claims arise under 42 U.S.C. Section 1983 (1996), which provides for a civil action for the redress of a deprivation of rights by any person acting under the color of state law. Since 1996, Section 1983 has prohibited the grant of injunctive relief in any action brought against a judicial officer for an act or omission taken in the officer's judicial capacity unless a declaratory decree was violated or declaratory relief was unavailable. *See* 42 U.S.C. § 1983; *Smith v. City of Hammond*, 848 N.E.2d 333, 339 (Ind. Ct. App. 2006), *trans. denied*. There has been neither an allegation nor a showing that a declaratory decree was violated or that declaratory relief was unavailable in this cause of action.

[13] Moreover, in his complaint, Smith requested relief in the form of an injunction ordering judges of this Court to refrain from denying his request to file yet another successive petition for post-conviction relief. This action is beyond the authority of the trial court — a trial court does not have the authority to order the Court of Appeals or its judges to act or refrain from acting, and Smith cites no authority in support of his requested relief.

[14] Next Smith asserts that the Marion County Prosecutor's Office and the Marion County Prosecutor violated his rights when they declined to provide permission for him to pursue a sentence modification pursuant to Indiana Code section 35-38-1-17(b). The version of Indiana Code section 35-38-1-17(b) in effect at the time Smith committed these offenses stated that if a defendant sought a

sentence modification more than 365 days after he had begun serving his sentence, approval of the prosecutor was required in order for the court to reduce the sentence. *See also Owens v. State*, 886 N.E.2d 64, 67 (Ind. Ct. App. 2008) (stating that typically trial court has no discretion to reduce or suspend defendant's sentence pursuant to Indiana Code section 35-38-1-17(b) unless prosecuting attorney gives approval), *trans. denied*. The prosecutors of Indiana and their deputies are afforded absolute immunity in carrying out their duties of investigative, administrative, and prosecutorial activities. *Foster v. Pearcy*, 270 Ind. 533, 537, 387 N.E.2d 446, 449 (1979). A determination as to a sentence modification is clearly within the bounds of the Marion County Prosecutor and his staff's prosecutorial duties and is left to their discretion. Therefore, the Marion County Prosecutor and the Marion County Prosecutor's Office are absolutely immune from civil suit based upon the performance of a prosecutorial function, including exercising their discretion to decline to agree to a modification of Smith's sentence.

[15] Finally, Smith contends that the trial court's dismissal of his complaint should have been without prejudice. The Defendants filed a motion to dismiss pursuant to Indiana Trial Rule 12(B)(6), and the trial court ordered the cause dismissed with prejudice. Trial Rule 12(B) provides, in pertinent part:

> When a motion to dismiss is sustained for failure to state a claim under subdivision (B)(6) of this rule the pleading may be amended once as of right pursuant to Rule 15(A) within ten [10] days after service of notice of the court's order sustaining the motion and thereafter with permission of the court pursuant to

such rule.

Therefore, a Trial Rule 12(B)(6) dismissal is without prejudice because the complaining party remains able to file an amended complaint within the parameters of the rule. *Thacker v. Bartlett*, 785 N.E.2d 621, 624 (Ind. Ct. App. 2003). Thus, the trial court erred in dismissing Smith's complaint with prejudice. However, Smith has not shown on appeal, with sufficient specificity, how he would have amended his complaint to avoid a Trial Rule 12(B)(6) dismissal. In his brief, Smith merely states that "[a]ll [he] has to do is cite the elements of Indiana Code 34-13-3-5(c) [the Indiana Tort Claims Act] and then provide a reasonable factual basis to support the allegations." Appellant's Br. p. 16. This information is not sufficiently specific so as to allow this Court to make a rational assessment of whether Smith was prejudiced by the trial court's ruling. Without a demonstration of prejudice, we must conclude the trial court's error was harmless. *See Baker v. Town of Middlebury*, 753 N.E.2d 67, 74 (Ind. Ct. App. 2001) (holding that although trial court erred in dismissing with prejudice complaint for failure to state a claim, error was harmless because plaintiff failed to provide specific information as to how he would have amended his complaint to avoid dismissal), *trans. denied*.

[16] Moreover, Smith argues that the dismissal did not apply to his claims against the Indiana General Assembly because it "was not served the complaint yet." Appellant's Br. p. 16. It is well settled that a party may not appeal invited error. *Beeching v. Levee*, 764 N.E.2d 669, 674 (Ind. Ct. App. 2002). Here, Smith failed

to act when it was his burden to do so; he cannot now complain of any error stemming therefrom.

# Conclusion

[17] For the reasons stated, we conclude that the trial court properly dismissed Smith's complaint.

[18] Affirmed.

[19] Friedlander, J., and Pyle, J., concur.